IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  13-cv-02681-BNB

JEREMY PINSON,

      Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
ANTHONY OSAGIE,
DAVID ALLRED,
CHRISTOPHER WILSON,
LISA GREGORY,
DAVID BERKEBILE, and
G. HALL,

      Defendants.

---

## ORDER OF DISMISSAL

---

      Plaintiff, Jeremy Pinson, is in the custody of the Federal Bureau of Prisons (BOP)

and currently is incarcerated at the United States Penitentiary-ADX in Florence,

Colorado.  On October 2, 2013, Plaintiff initiated this action by filing *pro se* a Prisoner

Complaint that alleges a violation of his constitutional rights.  He seeks money

damages, proper hypertension medication, a nutritional diet, and a transfer to a medical

center.

      The Court must construe the Prisoner Complaint liberally because Plaintiff is a

*pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se*

litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the

Court will dismiss this action with prejudice for failure to exhaust administrative remedies.

On March 21, 2014, the Court found that because Plaintiff is subject to filing restrictions under 28 U.S.C. § 1915(g), and he is aware of the pleading standard he must meet for the Court to waive § 1915(g) restrictions, he is precluded from bringing any of the claims asserted in this action without payment of the $400 filing fee.  Plaintiff was given thirty days from the date of the March 21 Order to pay the fee in full if he elected to proceed with all of his claims.

The Court also discussed in the March 21 Order Plaintiff's history of abusive litigation, including his propensity to (1) voluntarily dismiss actions and delay the processing of cases even after he has asserted imminent danger; (2) present unbelievable claims; and (3) submit fraudulent documents to the Court.  In this case, Plaintiff represents to the Court that he has exhausted all of the claims.  The Court took notice of the Administrative Remedy Generalized Retrieval Report that Warden Berkebile submitted in *Pinson v. Berkebile*, No. 14-cv-00423-BNB (D. Colo. Filed Feb. 14,  2014), and determined that the Report shows no entries confirming Plaintiff's exhaustion of the claims he raises in this action, even though he was able to submit seventy-eight remedy requests or appeals since November 2012.  The Court then requested that Defendants submit a report stating whether Plaintiff has exhausted the issues he presents in this action and what formal or informal complaints he submitted to BOP prison staff regarding the claims at issue in this case.

Within a week of the March 21 Order, Plaintiff filed a Motion to Dismiss.  Plaintiff asserts in the Motion that he seeks to dismiss this lawsuit "pursuant to an informal

agreement with Executive Staff at ADX Florence with who plaintiff agreed to voluntarily dismiss" this case and other pending cases "during a discussion with ADX Warden David Berkebile on March 12, 2014." Mot., ECF No. 11. The Court takes notice of a response filed by counsel, on Warden David Berkebile's behalf, pursuant to court order in *Pinson v. Kasdon*, No. 13-cv-01384-RM-BNB, ECF No. 120 (D. Colo. Filed May 28, 2013), regarding the same Motion to Dismiss that Plaintiff had also filed in Case No. 13-cv-01384. In the response, Warden Berkebile asserts that he talked with Plaintiff during the week of March 10, 2014, about opportunities for him to transition to less secure housing as long as he demonstrates a commitment to participating in recommended programs. *Id.* at 5. Warden Berkebile further asserts that he did not offer any agreement for dismissal of Plaintiff's cases and did not discuss with Plaintiff any informal agreement with ADX executive staff regarding a voluntary dismissal of his cases or authorize anyone else to offer any agreement. *Id.* Plaintiff's Motion is another example of his dishonesty.

On April 4, 2014, the United States Attorney, on behalf of Defendants, responded to the Court's March 21 Order and confirmed that Plaintiff had not exhausted the claims at issue in this case. Report, ECF No. 11. Plaintiff does not disagree with the Report.

Based on the above findings, the Court will deny the Motion to Dismiss and dismiss the action with prejudice for the following reasons. Plaintiff has not paid the filing fee within the time allowed, and Plaintiff's claims are not exhausted.

Ordinarily dismissal of an unexhausted claim is dismissed without prejudice, rather than with prejudice. *See Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir.

2006), *overruled in part on other grounds as recognized in Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008).  Because Plaintiff did not exhaust his administrative remedies prior to filing this action, but asserts he did in the Complaint, the Court finds Plaintiff again is engaging in abusive litigation in this Court.  This is not the first time that Plaintiff has filed an action only to have it dismissed at a later date because he has failed to exhaust his administrative remedies.[1]

A dismissal of this action with prejudice is justified.  *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).  Plaintiff's continual filing of unexhausted claims prejudices defendants, because they must address the claims even though they are improperly filed, and interferes with the efficient use of the Court's limited resources.  Plaintiff is aware of the need to exhaust his remedies before initiating a prisoner complaint in this Court, and based on his disregard of this requirement dismissal with prejudice is a proper sanction.  *Id.*

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

---

[1] *See Pinson v. St. John, et al.*, No. 10-cv-01832-RBP-HGD (N.D Ala. Feb. 25, 2013) (claims legal mail opened outside his presence in complaint and injunctive motion; injunctive motion denied; dismissed for failure to pay initial partial filing fee; motion to vacate dismissal, which was granted; court ordered special report about claims; Pinson filed motion for default judgment regarding special report that was not signed and was stricken; Circuit withdrew order to allow partial payments because Pinson conceded he is subject to § 1915(g) restrictions; special report treated as motion for summary judgment, recommendation entered for dismissal with prejudice finding Pinson failed to exhaust and the remedy no. he claims is associated with the exhaustion was not submitted during the time period at issue, ECF No. 44 at 10, Pinson now is time barred from pursuing an administrative remedy); *Pinson v. Fed. Bureau of Prisons, et al.*, No. 07-cv-00346-RC-KFG (E.D. Tex. Aug. 2, 2007) (recommendation to dismiss for failure to exhaust remedies; Pinson then filed notice of voluntary dismissal that was granted); *Pinson v. Watkins, et al.*, No. 06-cv-00323-F (W.D. Okla. May 9, 2007) (claims failure to protect and identified as snitch; Pinson was appointed counsel; action was dismissed in part without prejudice for failure to exhaust claim and in part with prejudice as procedurally barred due to untimely grievance).

Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied

for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).

Plaintiff must pay the full $505 appellate filing fee or file a motion to proceed *in forma*

*pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in

accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Motion to Dismiss, ECF No. 7, is denied.  It is

FURTHER ORDERED that the Complaint and the action are dismissed with

prejudice based on the above findings.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.

DATED at Denver, Colorado, this   1st   day of ____May_____, 2014.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court